# United States District Court
# District of Massachusetts

BILAL EL-AMEEN MUHAMMED
a/k/a Ernest D. Cardoza, Jr.,
      Plaintiff,

                                        C.A. No. 11-11231-RBC

      v.

COMMONWEALTH OF MASSACHUSETTS,
ET AL.,
      Defendants.

## MEMORANDUM AND ORDER

COLLINGS, M.J.

### BACKGROUND

On July 11, 2011, Plaintiff Bilal EL-Ameen Muhammed ("Muhammed"), a/k/a Ernest D. Cardoza, Jr., currently a resident of Baltimore, Maryland (and formerly a resident of Massachusetts), filed a self-prepared Complaint under 42 U.S.C. § 1983 challenging application of the Massachusetts sex offender registration law. See Mass. Gen. Laws ch. 6, § 178C-P.

Along with the Complaint, Muhammed filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion to Proceed *Pro Se* (Docket No. 3).

<u>DISCUSSION</u>

I.   <u>The Motion to Proceed *Pro Se*</u>

This Court's Local Rules permit a party to proceed *pro se*. <u>See</u> District Court Local Rule 83.5.2(b) (Appearance Pro Se) ("A party who appears pro se shall so state in the initial pleading or other paper filed by him or in his notice of appearance. The words 'pro se' shall follow his signature on all papers subsequently filed by him in the same case."). In light of this, Muhammed's Motion to Proceed *Pro Se* (Docket No. 3) is <u>ALLOWED</u>.

II.  <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Muhammed's financial disclosures indicating that he is unemployed and has no substantial assets or other income, this Court finds that he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this action.

Accordingly, Muhammed's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>.

III. <u>Screening of the Complaint</u>

Because Muhammed is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

For purposes of preliminary screening, this Court liberally construes Muhammed's Complaint because he is proceeding *pro se*. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't. of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

Although there appear to be a number of legal impediments to Muhammed's claims,[1] this Court lacks sufficient background information to assess the legal merits under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), or (iii). Under these circumstances, this Court deems the better practice is to permit this action to proceed in its entirety and require the Defendants to respond to the Complaint after service of process has been effected, rather than to direct Muhammed to show cause why this action should not be dismissed.

---

[1]As a preliminary matter, the Court deems this action is subject to dismissal in whole or in part, based on Eleventh Amendment sovereign immunity with respect to the monetary damages claim; the lack of mandamus jurisdiction to compel state officials to act or refrain from acting; the established law rejecting similar constitutional challenges to sex offender registration laws; the failure to plead First Amendment religious freedom claims in accordance with Rule 8 of the Federal Rules of Civil Procedure; and the failure to allege an inadequate state remedy to address the issues raised.

IV.    Issuance of Summonses; Service by the United States Marshal

In light of the above, this Court will direct the Clerk to issue summonses with respect to each Defendant, and will order the United States Marshal Service to effect service of process as directed by Muhammed, and to advance the costs of service, as set forth below.

V.    Consent Pending

This action was assigned to the undersigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. The Clerk shall send to Muhammed this Memorandum and Order along with the standard consent package with information and instructions so that he may choose whether or not to elect to proceed before a Magistrate Judge for all purposes. Within 35 days of the date of this Memorandum and Order, Muhammed shall advise the Court whether or not he consents. Should he elect not to consent, this Court will direct the reassignment of this case to a District Judge for further proceedings.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    Plaintiff's Motion to Proceed *Pro Se* (Docket No. 3) is ALLOWED;

2.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

3.    The Clerk shall issue summonses as to each Defendant;

4.    The Clerk shall send the summons(es), Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service.  If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Memorandum and Order upon the Defendants in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service; and

5.    The Clerk shall send to Plaintiff the standard consent package so that he may choose whether or not to elect to proceed before a Magistrate Judge for all purposes.  Within 35 days of the date of this Memorandum and Order, Plaintiff shall advise the Court in writing whether or not he consents.


SO ORDERED.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

DATED: August 16, 2011